IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robin Jean Guillaume | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:19-cv-02117-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Medical Staff Administrator Bradley, Nurse Chambers, Nurse Lloyd, Nurse S. Edwards, and Physician R. Lepaine, | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

Plaintiff Robin Jean Guillaume, a *pro se* federal prisoner proceeding *in forma pauperis*, filed this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that his constitutional rights have been violated by defendants. (ECF Nos. 1, 19). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On October 29, 2019, the magistrate judge filed a Report and Recommendation ("Report"), recommending that the court summarily dismiss this action with prejudice and without issuance and service of process. (ECF No. 23). Plaintiff was advised of his right to file objections to the Report. *See id*. at 12. However, Plaintiff has not filed any objections, and the time to do so has now run.

---

[1] This caption represents the current parties to this action, as set forth in Plaintiff's Amended Complaint. *See* (ECF No. 19).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See United States v. Schronce*, 727 F.2d 91, 92–94 (4th Cir. 1984).

Having reviewed the Report and, finding no clear error, the court adopts the Report (ECF No. 23), and incorporates it herein. Therefore, this case is **DISMISSED with prejudice**[2] and without issuance and service of process.

---

[2] The magistrate judge issued an Order on August 30, 2019, informing Plaintiff that his Complaint failed to state a claim upon which relief may be granted and permitting Plaintiff to file an amended complaint within fourteen days. (ECF No. 13). The Order further warned that, if Plaintiff failed to file an amended complaint or otherwise cure the deficiencies outlined in the Order, the magistrate judge would recommend the case be dismissed without further leave for amendment of the Complaint. *See id*. at 8–9. On September 25, 2019, Plaintiff moved for a thirty-day extension to file his amended complaint, which the magistrate judge granted, (ECF Nos. 16, 17), and Plaintiff filed his Amended Complaint on October 23, 2019, (ECF No. 19). Nevertheless, the magistrate judge found that Plaintiff's Amended Complaint did not cure the deficiencies in the original

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 22, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to

Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

complaint and likewise failed to state a claim for which relief may be granted.  (ECF No. 23 at 2, 6–10).